UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DANNY SWAFFORD, individually and d/b/a SWAFFORD FARMS, ) ) ) | |
| Plaintiff, ) | Case No.1:14-CV-00093 |
| ) v. ) ) | Judge Curtis L. Collier |
| FORESTRY MUTUAL INSURANCE COMPANY, ) ) ) ) | |
| Defendant. | |

## **M E M O R A N D U M**

Before the Court are a motion for summary judgment filed by Defendant Forestry Mutual Insurance Company ("Defendant") (Court File No. 8) and a motion requesting oral argument by Plaintiff Danny Swafford ("Plaintiff") (Court File No. 14). Plaintiff responded to Defendant's summary judgment motion (Court File No. 11) and Defendant filed a reply (Court File No. 18). For the following reasons, the Court will **GRANT** Defendant's motion for summary judgment and **DENY AS MOOT** Plaintiff's motion for oral argument.

### I. FACTS

Plaintiff operates Swafford Farms as a sole proprietorship (Court File No. 2-2, p. 3). Defendant issued "Workers Compensation and Employers Liability Insurance Policy" No. 0010000040071111 ("the Policy") covering Swafford Farms from July 23, 2011 to July 23, 2012 (*id.* at 8). The Policy contained a provision requiring Defendant to defend Plaintiff in suits for which benefits or damages would be payable under the Policy (*id.* at 10, 12). On February 28, 2013, Albert Wayne Capshaw ("Capshaw") filed a complaint ("the Capshaw Complaint") in Warren County Circuit Court alleging Capshaw was injured while working for Plaintiff as an independent

contractor on April 3, 2012 (Court File No. 2-3, p. 1). Plaintiff filed the instant action in Bledsoe County Chancery Court seeking a declaratory judgment that Defendant's duty to defend extends to the Capshaw Complaint (Court File No. 2-2, p. 2). Defendant removed to this Court based on diversity jurisdiction (Court File No. 2). Defendant's motion for summary judgment argues that, on the undisputed facts, Defendant had no duty to defend because the Capshaw Complaint does not state a claim which would be covered under the policy (Court File No. 8).

## II.  STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Indeed, a "[plaintiff] is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *2–3 (E.D. Tenn. Nov. 4, 2009) (explaining the court must determine whether "the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of [the] plaintiff"). In addition, should the non-moving party fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating

2

no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should grant summary judgment. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

**III. ANALYSIS**

**A. Duty to Defend**

Under Tennessee law,[1] an insurer's duty to defend "is determined from the allegations of the complaint in that action." *Graves v. Liberty Mutual Insurance Company*, 745 S.W.2d 282, 283 (Tenn. Ct. App. 1987). The duty to defend is triggered by any complaint that alleges a potential basis for recovery against the insured that is within the risk against which the claimant is insured. *St. Paul Fire & Marine Ins. Co. v. Torpoco*, 879 S.W.2d 831, 835 (Tenn. 1994); *Bituminous Fire & Marine Ins. Co. v. Izzy Rosen's, Inc.*, 493 F.2d 257, 263 (6th Cir. 1974) (applying Tennessee law). Whether an insurance company has a duty to defend an insured in an underlying action presents a legal question. *Torpoco*, 879 S.W.2d at 833; *Morgan v. Utica Mut. Ins. Co.*, 2000 WL 1276755, at *2 (6th Cir. Aug. 30, 2000).

An insurer's duty to defend depends solely on the allegations in the complaint filed against the insured. *See Torpoco*, 879 S.W.2d at 834–35. "If even one of the allegations is covered by the

---

[1] All parties agree Tennessee law controls in this declaratory judgment action heard in diversity

3

policy, the insurer has a duty to defend, irrespective of the number of allegations that may be excluded by the policy." *Drexel Chem. Co.*, 933 S.W.2d at 480.  If, however, it is plain from the face of the underlying complaint the allegations fail to state facts that bring the case within or potentially within the policy, no duty to defend exists.  *Drexel Chem. Co.,* 933 S.W.2d at 480. "[W]here the allegations of the complaint against the insured are ambiguous or incomplete and it is doubtful whether or not they state a cause of action within the coverage of the policy sufficient to compel the insurer to defend such doubt will be resolved in favor of the insured."  *Dempster Bros., Inc. v. U.S. Fidelity & Guaranty Co.*, 388 S.W.2d 153, 156 (Tenn. Ct. App. 1964).

Comparing the injuries alleged in the complaint and the policy at issue is the starting point, and often the ending point, in analyzing an insurer's duty to defend.  In the instant case, the Policy covers two broad categories of claims: workers' compensation claims and employer liability claims (Court File No. 8-1).  Neither party asserts the Capshaw Complaint seeks benefits under Tennessee workers' compensation laws.  The issue is thus whether the Capshaw Complaint is covered under the employer's liability portion of the Policy.  The language used throughout this portion of the Policy makes clear that the Policy applies to injury of "employees" (*id*. at 6–7).  The Capshaw Complaint alleges Capshaw was an independent contractor (Court File No. 2-3).  Because the Policy's coverage extends only to injuries of employees, and not those of independent contractors, no duty to defend exists here.

Plaintiff, relying heavily on *Dempster Bros*., argues that, because the term "employee" is ambiguous, he should be able to introduce extrinsic evidence to show that Capshaw was in fact an employee.  In response, Defendant argues that "employee" is not ambiguous and, because the Capshaw Complaint alleges that Capshaw was injured as an independent contractor, it has no duty

4

to defend.

Plaintiffs reliance on *Dempster Bros*. is misplaced. Under the policy at issue in that case, if the plaintiff in the underlying suit was an independent contractor, the insurer had a duty to defend. 388 S.W.2d at 156. The underlying complaint alleged that the plaintiff was "the agent, employee, and representative of Dempster Bros." *Id.* As the court noted, the terms "agent" and "representative" could be construed to encompass an "independent contractor." The court thus held that the allegations were ambiguous and allowed the presentation of extrinsic evidence.

Unlike the complaint in *Dempster Bros.*,[2] the Capshaw Complaint quite explicitly states that Capshaw was an "independent contractor" and, while Plaintiff may be correct that "employee" is capable of a multiple interpretations, "independent contractor" is not one. It is clear that as a matter of legal usage, the terms "employee" and "independent contractor" are mutually exclusive. *Cf., e.g.*, *Boren ex rel. Boren v. Weeks*, 251 S.W.3d 426, 428 (Tenn. 2008) (questioning whether patients had notice that the physicians "were independent contractors *rather than* employees") (emphasis added); *Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 393 (Tenn. 2002) (noting the issue was whether the attorney was an "independent contractor, *rather than* an employee") (emphasis added). Because neither the Policy nor the Capshaw Complaint are ambiguous, the Court need not look to extrinsic evidence. Tennessee precedent is clear: where there is no ambiguity and

---

[2] The continued vitality of *Dempster Bros.* has been called into question in light of intervening Tennessee Supreme Court precedent emphasizing that the duty to defend "is to be determined *solely* by the allegations contained in the complaint." *Interstate Packaging Co. v. Century Indem. Co.*, No. 3:11-CV-00589, 2013 WL 1335120 at *4 (M.D. Tenn. Mar. 29, 2013) (quoting *Torpoco*, 879 S.W.2d at 835) (emphasis in original). Because Plaintiff's argument fails even under a favorable construction of *Dempster Bros.*, the Court need not address whether *Dempster Bros.* remains good law.

5

the allegations of the complaint do not state a claim covered under the policy, there is no duty to defend. *Torpoco*, 879 S.W.2d at 835.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will **GRANT** Defendant's motion for summary judgment (Court File No. 8) and **DENY AS MOOT** Plaintiff's request for oral argument (Court File No. There being no other issues in this case, the Court will **DIRECT** the Clerk of Court to **CLOSE** this case.

**An order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**